The opinion of the court was delivered by
Maer, J.
Dobbins brought suit against Patrick Lyons, principal, and Michael Shelly, surety, on an injunction bond, to recover of Lyons, plaintiff in injunction, §1500, and of Shelly §500, the amount of the bond. They were both cited; and they answered separately. The judgment was against “ defendants, Patrick Lyons and Michael Welsh, in solido, for §500.”
*531 On motion of counsel for “ defendants,” and on suggesting * * that “a final judgment has been rendered and signed * * * against said Lyons as principal, and said Shelly as surety, * * * It is * ordered that said Lyons and Shelly be allowed a suspensive appeal,” etc.
The appeal bond recites that, “ we, Patrick Lyons and Michael Shelly, as principals.” Wherever the names of the defendants, appellants, appear in the bond, they are Lyons and Shelly; and Michael Shelly signed the bond as one of the principals.
Two days after, a second bond was given for a larger amount than the first, in which the same parties figure as principals, defendants, appellants; and this bond is also signed by Michael Shelly as one of the principals.
When the case came up to this court a motion was made to dismiss for want of jurisdiction. The case was argued by the counsel of Lyons and Shelly; and.the appeal was dismissed as to Shelly on the ground that the amount in dispute, as to him, was just $500.
Execution issued on the judgment of the district court. The writ is not in the transcript; but we suppose it was against Michael Shelly. At any rate, the sheriff seized the property of Shelly, alleged to be worth much more than $500. He enjoined on the ground that there was no judgment against him. The district court dissolved the injunction without damages; and Michael Shelly appealed.
It is manifest that the use of the name Michael Welsh, instead of Michael Shelly, was a mere clerical error in writing the judgment. Welsh was not a party to the suit; but Shelly was. The injunction bond, the petition, the citation, the answer, the motion and order of appeal, and the two appeal bonds, show conclusively that the person condemned was Michael Shelly. The district court has the right and the power to correct the judgment, at any time, on motion, contradictorily, by substituting the name of the party condemned, Michael Shelly, for that of Michael Welsh, who was an entire stranger to the proceeding.
An execution could not issue against Michael Shelly, on a judgment against Michael Welsh. The writ must conform to the judgment; and, until the name of Michael Shelly has been substituted for that of Michael Welsh, by proper proceeding and entry on the minutes, the-judgment cannot be enforced against Michael Shelly.
The record furnishes no proof that this clerical error has been corrected. The injunction should have been maintained, with a reservation of the right of Dobbins to have the judgment corrected.
The judgment appealed from is annulled, avoided and reversed; and it is now ordered, adjudged and decreed, that the injunction herein granted, in limine, be reinstated and be maintained; that the right of *532 Dobbins, appellee, be reserved, to have the judgment in his favor against Patrick Lyons and Michael Welsh corrected, contradictorily with Michael Shelhj, by substituting the name of Michael Shelly for that of Michael Welsh, as stated in, and in accordance with the foregoing opinion; and that the said J. G. Dobbins, appellee, pay the costs of this suit in the district court and in this court.
Rehearing refused.